UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. WALID H. ABDULLA, Defendant. | Case No. 2:17-cr-00060-HDM-WGC ORDER |

Defendant Walid Abdulla has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] (ECF No. 65). The government has opposed (ECF No. 68). No reply has been filed, and the time for doing so has expired.

In January 2017 and February 2017, Abdulla committed two robberies with the use of a BB gun that appeared to be a real gun. On February 21, 2017, he was charged by way of indictment with one count of bank robbery and one count of Hobbs Act robbery. (ECF No. 1). Abdulla entered a change of plea on May 10, 2017, and pled guilty to both counts of the indictment. (ECF Nos. 29 & 33). The court thereafter sentenced Abdulla to 67 months on each count, the counts running concurrently. According to Bureau of Prisons' information, Abdulla's current projected release date is November 16, 2021. *See* https://www.bop.gov/inmateloc/ (last accessed Nov. 10, 2020). Abdulla now seeks early release from confinement pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A).

---

[1] Pursuant to General Order 2020-06, the Federal Public Defender filed notice that it would not supplement Abdulla's motion. (ECF No. 66).

**I. Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) extraordinary and compelling reasons warrant the reduction;
>
> . . .

---

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Abdulla is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**II. Analysis**

Abdulla seeks release pursuant to § 3582(c)(1)(A) due to the COVID-19 epidemic and his age and underlying conditions, which he asserts put him at greater risk of COVID-19 complications. The government opposes, arguing that Abdulla has not established extraordinary and compelling reasons for his release and that Abdulla remains a danger to the community.

**A. Exhaustion**

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier. The government concedes that Abdulla's motion has been exhausted. Abdulla submitted a request to the warden of his institution on August 14, 2020. (ECF No. 65 at 3-4). More than thirty days have elapsed from the date Abdulla's request was received by the warden, so the motion is exhausted.

**B. Extraordinary and Compelling Reasons**

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). Extraordinary and compelling reasons can also be based on family circumstances, including either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* § 1B1.13 app. n.(1)(C). Finally, there is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

Abdulla is 68 years old and claims a number of underlying conditions: abnormal EKG heart condition, near blindness, joint and bone disease, hypertension, arthritis and chronic pain. He also alleges speculative and conclusory long-term effects of having already contracted and recovered from COVID-19. The government asserts that the risk of Abdulla re-contracting the virus is low because there are currently no positive cases in his institution, FCI Lompoc. The government further contends that none of Abdulla's medical conditions puts him at increased risk of COVID-19 complications and severe outcomes.

As of the date of this order, there are no active cases of COVID-19 at FCI Lompoc. *See* https://www.bop.gov/coronavirus/ (last accessed Nov. 17, 2020). It therefore appears that the measures the institution has taken to stem the spread of the novel

coronavirus have been effective and the risk of Abdulla again contracting COVID-19 is low. Further, Abdulla has already contracted and recovered from COVID-19 and there is no indication that his case was severe. Under these circumstances, the court finds that extraordinary and compelling reasons for Abdulla's early release do not exist.

However, even if extraordinary and compelling reasons did exist, the court would still deny the motion after considering Abdulla's criminal history and the 18 U.S.C. § 3553(a) factors.

**C. 18 U.S.C. § 3553(a) Factors**

The court may grant compassionate release only if the defendant is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g), *United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act."), and the relevant 18 U.S.C. § 3553(a) factors favor release. In this case, the court is not persuaded that Abdulla is no longer a danger to the community or that the § 3553(a) factors support early release.

The crimes Abdulla committed in this case were violent, and they were not his first. Before the instant robberies, Abdulla committed an armed bank robbery during which he held a gun close to a teller's head. He also at one time pulled a gun on some neighbors and threatened to kill them. The court is not therefore persuaded that Abdulla is no longer a danger to the community or that the § 3553(a) factors – and in particular, the nature and circumstances of the offense and the characteristics of the

defendant – favor early release. The court concludes that the full sentence of 67 months is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. On those grounds as well, then, the motion will be denied.

**III. Conclusion**

In accordance with the foregoing, Abdulla's motion for compassionate release (ECF No. 65) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 17th day of November, 2020.

Howard D McKibben

UNITED STATES DISTRICT JUDGE